No. 90-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

WAUSAU INSURANCE COMPANY,
      Petitioner,

-vs-

LLOYD E. HARTFORD,
      Defendant and Respondent,
      and
LAVERN GARMANN,
      Defendant and Appellant.

FILED

APR 29 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   The Workers' Compensation Court,
                The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      William J. O'Connor, II, Billings, Montana

      For Respondent:

      Lloyd E. Hartford, Billings, Montana
      L. Randall Bishop; Jarussi & Bishop, Billings,
      Montana

Submitted on Briefs: February 21, 1991

Decided: April 29, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The Workers' Compensation Court ordered claimant LaVern Garmann to honor his contingency fee agreement with counsel Lloyd Hartford, and ordered that the contingent attorney fees were a lien on the benefits paid by Wausau Insurance Company to Garmann. Garmann appeals.

We affirm.

On June 27, 1983, Garmann entered into a contingency fee agreement with attorney Hartford for workers' compensation benefits. The agreement provided that Hartford would receive 33 percent of the amount of compensation benefits awarded by the court if the case went to a hearing.

Trial was held on February 4, 1985; by judgment in April 1986 claimant was declared permanently totally disabled; and Hartford was awarded attorney fees calculated as provided for in § 39-71-614, MCA (1985). The court subsequently ordered the insurer to pay Hartford a fee of $13,600, plus costs of $1,628.

Hartford then requested that Garmann pay attorney fees in the amount of 33 percent of the award, pursuant to the contingency fee agreement. Garmann refused, and instructed Wausau not to pay any part of his weekly benefits to Hartford as fees.

Wausau then filed a petition with the Workers' Compensation Court seeking a declaratory ruling as to whether Garmann owed Hartford attorney fees pursuant to the contingency fee agreement.

2

On October 19, 1990, the court ruled that the contingency fee agreement executed by the parties was enforceable and ordered the parties to arrange a convenient method to have the benefits and fees distributed. This appeal followed.

Sections 39-71-611 and -612, MCA, permit the Workers' Compensation Court to assess costs and fees directly against an insurer. Section 39-71-614(3), MCA, permits claimant and attorney to enter into a contingency fee arrangement. The contingency fee is separate from amounts assessed by the court against the insurer:

> (3)  This section does not restrict a claimant and an attorney from entering into a contingency fee arrangement under which the attorney receives a percentage of the amount of compensation payments received by the claimant because of the efforts of the attorney. However, an amount equal to any fee and costs assessed against an insurer under 39-71-611 or 39-71-612 and this section must be deducted from the fee an attorney is entitled to from the claimant under a contingency fee arrangement.

Section 39-71-614(3), MCA.

However, the costs assessed by the court against the insurer (in this case the $13,600 plus costs) shall be deducted from the fee to which the attorney is entitled under the agreement. We hold that the October 19, 1990, order of the Workers' Compensation Court is a correct application of § 39-71-614(3), MCA.

Affirmed. Let remittitur issue forthwith. See Rules 34 and 35, M.R.App.P.

Pursuant to § I, Par. 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

3

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4